SCHWARTZ SLADKUS REICH
GREENBERG ATLAS LLP
444 Madison Avenue
New York, New York 10022
(212) 743-7000
Facsimile: (212) 743-7001
Jared Paioff (jpaioff@ssrga.com )
Stephen H. Orel (sorel@ssrga.com)
*Counsel for Defendant Daniel Reifer*
*In Adv. Pro. No. 20-01314*

**Hearing Date: March 2, 2021 at 11:00 a.m. (EST)**

**Response Deadline: February 23, 2021 at 5:00 p.m. (EST)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>EIGHT-115 ASSOCIATES, LLC,<br><br>Debtor. | Chapter 7<br><br>1-20-11812-mg |
| HARLEM MULTIFAMILY LLC,<br><br>          Plaintiff,<br><br>      -against-<br><br>EIGHT-115 ASSOCIATES, LLC (SUCCESSOR BY CONVERSION TO EIGHT-115 ASSOCIATES, L.P.), DANIEL REIFER, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, THE CITY OF NEW YORK, ACTING THROUGH ITS DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT and "JOHN DOE #1 through JOHN DOE #100", the last hundred names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the premises described in the Complaint,<br><br>        Defendants. | Adv. Pro. No. 20-01314-mg<br><br>**MOTION BY DEFENDANT DANIEL REIFER PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(2) AND 1334(c)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027(d) TO ABSTAIN AND REMAND** |

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

FACTS ................................................................................................................................. 2

ARGUMENT ...................................................................................................................... 5

I. THIS COURT MUST ABSTAIN FROM THIS CASE AND/OR FROM THE
LENDER'S CLAIM AGAINST REIFER PURSUANT TO 28 U.S.C. § 1334(C)(2)........ 5

A. The Adversary Proceeding Was Commenced In State Court....................................... 6

B. The Adversary Proceeding Is Governed By State Law ............................................... 6

C. § 1334 Provides The Sole Basis For Federal Jurisdiction ........................................... 6

D. The Claims In The Adversary Proceeding Are Non-Core ........................................... 6

E. The Adversary Proceeding Can Be Timely Adjudicated In State Court Upon
Remand ...................................................................................................................... 10

F. This Motion Has Been Made Timely ........................................................................ 23

II. IN THE ALTERNATIVE, THE COURT SHOULD ABSTAIN UNDER 28 U.S.C.
§ 1334(C)(1) IN THE INTEREST OF JUSTICE ................................................................ 13

CONCLUSION.................................................................................................................... 15

# TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                                                  <u>**Page(s)**</u>

*Ames Department Stores, Inc. v. Lumbermens Mut. Cas. Co. (In re Ames Department Stores, Inc.)*,
    542 B.R. 121, 135 (Bankr. S.D.N.Y. 2015) ............................................................................. 7

*Artra Group, Inc. v. Salomon Brothers Holding Co., Inc. (In re Emerald Acquisition Corp.)*,
    170 B.R. 632 (Bankr. N.D. Ill. 1994) ...................................................................................... 8

*Balcor/Morristown Limited Partnership v. Vector Whippany Associates*,
    181 B.R. 781 (D.N.J. 1995) .............................................................................................. 7, 15

*Bayerische Landesbank  v. Deutsche Bank AG (In re Residential Capital, LLC)*,
    488 B.R. 565 (Bankr. S.D.N.Y. 2013) ............................................................................... 5, 11

*BCG Partners Inc. v. Avison Young (Canada) Inc.*,
    919 F. Supp.2d 310 (S.D.N.Y. 2013) ..................................................................................... 11

*Core Litig. Trust v. Apollo Global Mgmt., LLC (In re AOG Entertainment, Inc.)*,
    569 B.R. 563 (Bankr. S.D.N.Y 2017) ...................................................................................... 6

*Deep v. Boies*,
    2007 WL 169940 (S.D.N.Y. 2007) ........................................................................................ 13

*Dewitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas Co.*,
    464 B.R. 587 (N.D.N.Y. 2012). ............................................................................................... 7

*Durso Supermarkets, Inc. v. D'Urso (In re Durso Supermkts., Inc.)*,
    170 B.R. 211 (S.D.N.Y.1994) ............................................................................................... 10

*Executive Benefits Ins. Agency v. Arkison*,
    573 U.S. 25 (2014) ................................................................................................................... 8

*Fried v. Lehman Bros. Real Estate Associates,.*
    496 B.R. 706 (S.D.N.Y. 2013) ................................................................................... 6, 12, 14

*Gassman v. Gassman, Griper & Golodny*,
    1997 WL 603439 n. 5 (S.D.N.Y. 1997) .............................................................................. 5, 13

*Gonzales Constr. Co. v. Fulfer (In re Fulfer)*,
    159 B.R. 921 (Bankr. D. Idaho 1993) ................................................................................... 13

*In re Fairfield Sentry Ltd. Litig.*,
   458 B.R. 665 (S.D.N.Y. 2011)........................................................................ 10, 12

*In re Laddusire*,
   494 B.R. 383 (Bankr. W.D. Wis. 2013)................................................................ 8

*In re Orion Pictures Corp.*,
   4 F.3d 1095 (2d Cir.1993)........................................................................... 7. 10

*In re Robert Plan Corp.*,
   777 F.3d 594 (2d Cir. 2015)......................................................................... 6, 7

*In re Tornheim*,
   181 B.R. 161 (Bankr. S.D.N.Y. 1995).................................................................. 7

*Joremi Ent., Inc. v. Hershkowitz (In re New 118th LLC)*,
   396 B.R. 885 (Bankr. S.D.N.Y. 2008)......................................................... passim

*Lebenthal Holdings, LLC v. South Street Sec. Holdings Inc. (In re Lebenthal Holdings, LLC)*,
   2018 WL 3629900 (Bankr. S.D.N.Y. 2018 .......................................................... 14

*MarketXT, Inc. v. Wollmuth Maher & Deutsch, LLP (In re Amanat)*,
   338 B.R. 574 (Bankr. S.D.N.Y. 2005)............................................................ 5, 11

*Mt. McKinley Ins. Co. v. Corning Inc.*,
   399 F.3d 436 (2d Cir. 2005) ............................................................................ 6

*New York Commercial Bank v. Pullo*,
   2013 WL 490450 (Bankr. S.D.N.Y. 2013) ...................................................... 6, 11

*Paxton Nat'l Ins. Co. v. British Am. Assocs. (In re Pacor, Inc.)*,
   72 B.R. 927 (E.D. Pa. 1987)
   *aff'd*, 86 B.R. 808 (E.D. Pa. 1987)............................................................... 12-13

*Prairie State Bank v. Allison*,
   72 B.R. 476 (D.Kan.1987) ............................................................................... 8

*Robinson v. Michigan Consol. Gas Co.*,
   918 F.2d 579 (6th Cir. 1990) .......................................................................... 13

*Schumacher v. White*,
   429 B.R. 400 (Bankr. E.D.N.Y. 2010)................................................................. 7

*Scott v. AIG Property Casualty Co.*,
   2017 WL 1380607 (S.D.N.Y. 2017).................................................................. 6, 7

*World Solar Corp. v. Steinbaum* (*In re World Solar Corp.*),
   81 B.R. 603 (Bankr. S.D. Cal. 1988) ....................................................................... 12


## STATUTES

Civil Practice Law and Rules "CPLR"
   CPLR 3211(e) ......................................................................................................... 12
   CPLR 3212 ............................................................................................................. 12

Federal Rules of Banruptcy Procedure "Fed R. Bank. P."
   Fed. R. Bank. P.9027(d) .......................................................................................... 1

United States Code
   28 U.S.C. § 1332(c)(2) ............................................................................................. 5
   28 U.S.C. § 1334 ........................................................................................ 5, 6, 7, 14, 15
   28 U.S.C. § 1334(c)(1) ................................................................................ 1, 2, 13, 14, 15
   28 U.S.C. § 1334(c)(2) ................................................................................ 1, 2, 5, 6, 12, 13
   28 U.S.C. § 1452(b) .............................................................................................. 1, 2
   28 U.S.C. § 157 ....................................................................................................... 9
   28 U.S.C.§ 157(a) ................................................................................................. 11
   28 U.S.C. § 157(b)(2)(A) .......................................................................................... 8
   28 U.S.C. § 157(b)(2)(B) .......................................................................................... 8
   28 U.S.C. § 157(b)(2)(K) .......................................................................................... 8
   28 U.S.C. § 157(b)(2)(M) ......................................................................................... 8
   28 U.S.C. § 157(b)(2)(N) .......................................................................................... 8

Daniel Reifer ("Reifer"), by undersigned counsel, brings this motion to abstain and remand pursuant to 28 U.S.C. §§ 1452(b), 1334(c)(2) and 1334(c)(1) and Fed. R. Bank. P.9027(d).

## INTRODUCTION

1.      This adversary proceeding meets all the criteria for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2).  It solely concerns non-core, prepetition claims exclusively governed by state law.  Originally styled as a mortgage foreclosure case, that aspect of the case is essentially mooted, given the settlement that this Court recently approved settling plaintiff's claim against the debtor for $11 million, and setting the properties at issue to be auctioned.  All that remains are state law claims by the lender against Mr. Reifer on his guaranty of the loans at issue.

2.      The State Court Action originally included certain claims involving the City of New York, but those were also resolved by a revised form of stipulation "So-Ordered" by the Court.  All of these prepetition claims arise exclusively under state (New York) law.

3.      None of the claims in this adversary proceeding arise under the Bankruptcy Code.  None are based on any provision of the Code, any ruling by this Court, any claim filed in this Court or any plan of reorganization proposed to or approved by this Court (this being a Chapter 7 case, no such plan will ever exist).

4.      None of the claims in this adversary proceeding depend on the Bankruptcy Code, or the debtor's Title 11 case, for their existence.  All were asserted before the debtor commenced its bankruptcy proceeding.

5.      The claims remaining in this adversary proceeding will have no effect on the administration of the Estate.  At most, depending on whether lender succeeds in its guaranty

claim against Reifer, there may be some small amount of money (a maximum of 15% of any recovery) available for unsecured creditors. That does not distinguish this adversary proceeding from any other prepetition state law claim between nondebtors that are traditionally regarded as non-core claims subject to abstention under 28 U.S.C. § 1334(c)(2).

6.      All the other factors favor mandatory abstention.

7.      Alternatively, the Court may abstain and remand under 28 U.S.C. § 1334(c)(1). The test for permissive abstention under § 1334(c)(1) is essentially the same as the test for remand for equitable grounds under 28 U.S.C. § 1452(b). No good reason exists to keep the adversary proceeding in this Court, when it was commenced in state court and is governed exclusively by state law.

## FACTS

8.      The Court has already been presented with substantial information concerning the state court complaint that lies at the heart of this adversary proceeding, in the course of the Rule 9019 application to approve the proposed settlement between the Chapter 7 Trustee and the lender that brought the State Court Action. Therefore, we will keep the recital of facts to a minimum.

9.      A copy of the operative pleading in this adversary proceeding – the Amended Verified Complaint in a Foreclosure Action (the "State Court. Cplt.") – is attached as Exhibit 1 to this motion. It was also attached to the Notice of Removal herein, filed on Nov. 5, 2020 (Ecf Doc. #1).

10.     The plaintiff in the state court action, Harlem Multifamily LLC ("Lender"), alleges that it acquired certain loans (the "Loans") issued to debtor, Eight-115 Associates, LLC ("Debtor"), in December 2019. State Court Cplt., ¶¶ 32, 99.

11.     In the State Court Cplt., Lender sought to foreclose and collect upon the Loans.  Cplt., ¶ 1 and First Cause of Action.

12.     Lender also sued Reifer on his guaranties of debtor's obligations under the Loans.  Cplt., ¶ 18 and Third Cause of Action (¶¶ 137-139).

13.     In the Stipulation and Order signed by the Court on January 20, 2021 (Exhibit 2 hereto), the Court approved a resolution of the Lender's foreclosure claim that, among other things, (i) settled Lender's claim at $11 million, and (ii) set the debtor's properties encumbered by the Loans on a course for sale at auction under the supervision of this Court.  The So-Ordered Stipulation (Ecf Doc. # 49 Bankr. Case No. 20-11812) (the "Jan. 20 Order") recites that the State Court Action seeks to "foreclose on the Real Property [encumbered by the Loans] and recover from the Guarantor [Reifer] under the Guaranties any deficiency of the debt remaining unsatisfied after a sale of the Real Property."  Jan. 20 Order, Recital IV(A).

14.     The Jan. 20 Order provides that in the event the proceeds from the sale of the debtor's property are not sufficient to pay the Lender's Allowed Claim ($11 million) in full, "then the Lender shall automatically have a deficiency claim" in the amount described in the Jan. 20 Order.  Jan. 20 Order, ¶ 16(b).

15.     The Jan. 20 Order provides that in the event the Lender pursues a deficiency claim against Reifer (or certain other entities the Jan. 20 Order refers to as "Daniel Reifer Related Persons"), "then the Trustee shall be entitled to fifteen (15%) percent of the net proceeds of the recovery" after payment of fees and expenses.  Jan. 20 Order, ¶ 18(b).

16.     The Jan. 20 Order provides that the automatic stay is "vacated with respect to the continuation of the State Court Action, provided, however, that the Lender will not seek

any relief against the Debtor in connection with the State Court Action that is inconsistent with this Stipulation." Jan. 20 Order, ¶ 20.

17.    The Jan. 20 Order further provides that "[t]he Lender may prosecute the State Court Action, including claims against Daniel Reifer or any Daniel Reifer Related Persons without interference by the Trustee." Jan. 20 Order, ¶ 21. At present, no "Daniel Reifer Related Persons" have been made parties to the State Court Action or, so far as we know, to any litigation, by the Lender or Trustee.

18.    The State Court Action originally contained claims against the City of New York, including its Environmental Control Board, but those were resolved in a revised draft stipulation submitted to the Court on Dec. 1, 2020, the day after the hearing on the 9019 motion. Paragraph 22(a) of the Jan. 20, 2021 Order  addresses any liens held by New York City by providing that the "Lender's Allowed Claim . . . shall not, at any time, prime any statutory liens of the City of New York ("NYC") that may attach to the Lender's pre-Petition or post-Petition collateral. . . ." Paragraph 22(b) of the Jan. 20, 2021 Order provides that ECB liens shall attach to the sale proceeds in the order of their priority, but are junior in priority to the Lender's liens, and further provides that "the Trustee shall pay to NYC from the Sale Proceeds up to $26,000 to satisfy any then open DOB violations."

19.    Thus, with the foreclosure claim resolved by settling the Lender's claim, and the claims against NYC resolved, the State Court Action contains only one active claim:  by Lender against Reifer on the guaranties (the "Guaranty Claim").

20.    The Guaranty Claim is governed by New York law.

21.    No aspect of the Guaranty Claim arises under the Bankruptcy Code or under any order of this Court.

4

22.    The Guaranty Claim exists entirely independently of the Bankruptcy Code
and the Debtor's Chapter 7 case.

## ARGUMENT

### I.    THIS COURT MUST ABSTAIN FROM THIS CASE AND/OR FROM THE LENDER'S CLAIM AGAINST REIFER PURSUANT TO 28 U.S.C. § 1334(C)(2)

23.    28 U.S.C. § 1334(c)(2) provides:  "Upon timely motion of a party in a
proceeding based upon a State law claim or State law cause of action, related to a case under title
11 but not arising under title 11 or arising in a case under title 11, with respect to which an action
could not have been commenced in a court of the United States absent jurisdiction under this
section, the district court shall abstain from hearing such proceeding if an action is commenced
and can be timely adjudicated in a State forum of appropriate jurisdiction."

24.    Mandatory abstention is required if the following six factors are present:
(1) the motion to abstain was timely made; (2) the action is based on a state law claim; (3) the
action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy
Code; *i.e.* they are non-core; (4) § 1334 provides the sole basis for federal jurisdiction; (5) an
action was commenced in state court; and (6) that action can be "timely adjudicated" in state
court.  *MarketXT, Inc. v. Wollmuth Maher & Deutsch, LLP (In re Amanat)*, 338 B.R. 574, 581
(Bankr. S.D.N.Y. 2005).  *Accord, Bayerische Landesbank v. Deutsche Bank AG (In re
Residential Capital, LLC)*, 488 B.R. 565, 575 (Bankr. S.D.N.Y. 2013).  All six factors must be
present for mandatory abstention to apply.  *Gassman v. Gassman, Griper & Golodny*, 1997 WL
603439 at *1 n. 5 (S.D.N.Y. 1997).   All six factors are satisfied here.

25.    When a party moves for abstention pursuant to 28 U.S.C. § 1332(c)(2), the
party arguing in favor of the Court's retention of jurisdiction bears the burden of showing that

mandatory abstention is not warranted.  *Core Litig. Trust v. Apollo Global Mgmt., LLC (In re AOG Entertainment, Inc.)*, 569 B.R. 563, 573 (Bankr. S.D.N.Y 2017); *Fried v. Lehman Bros. Real Estate Associates,*.496 B.R. 706, 711 (S.D.N.Y. 2013); *New York Commercial Bank v. Pullo*, 2013 WL 490450 at *4 (Bankr. S.D.N.Y. 2013).

### A.  The Adversary Proceeding Was Commenced In State Court

26.  First, the adversary proceeding was commenced in state court.  The principles of mandatory abstention apply to removed actions.  *Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 446-47* (2d Cir. 2005).

### B.  The Adversary Proceeding Is Governed By State Law

27.  Second, the adversary proceeding, including all claims against Reifer, are based on state law.

### C.  § 1334 Provides The Sole Basis For Federal Jurisdiction

28.  Third, § 1334 provides the sole basis for federal jurisdiction.  Notice of Removal, ¶ 16 (Ecf Doc. # 1).

### D.  The Claims In The Adversary Proceeding Are Non-Core

29.  Fourth, the claims in the adversary proceeding do not "arise under Title 11" or "arise in a case under Title 11" within the meaning of § 1334(c)(2), and are thus not "core" claims not subject to mandatory abstention.

30.  "A proceeding that involves 'substantive rights created by federal bankruptcy law' or that 'would have no existence outside of the bankruptcy' is a core proceeding."  *Scott v. AIG Property Casualty Co*., 2017 WL 1380607 at *3 (S.D.N.Y. 2017), quoting *In re Robert Plan Corp*., 777 F.3d 594, 596-97 (2d Cir. 2015).  "Conversely, a claim is non-core if it 'does not depend on bankruptcy laws for its existence and . . . could proceed in a

6

court that lacks federal bankruptcy jurisdiction.'" *Id.*, quoting *Dewitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas Co.*, 464 B.R. 587, 591 (N.D.N.Y. 2012).

31.    "Arising under" jurisdiction within the meaning of § 1334 "relates to federal question claims of a particular type – those arising under title 11 of the United States Code (i.e. the Bankruptcy Code.)  Claims of this type rest on provisions of the Bankruptcy Code, or require construction of the Bankruptcy Code for their determination."  *Ames Department Stores, Inc. v. Lumbermens Mut. Cas. Co. (In re Ames Department Stores, Inc.)*, 542 B.R. 121, 135 (Bankr. S.D.N.Y. 2015).  "Claims for pre-petition contract damages are generally non-core."  *Scott*, *supra.*, citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993)("It is clear that to the extent that the claim is for pre-petition contract damages, it is non-core.")

32.    Pre-petition guaranty claims like Lender's claim against Reifer do not "arise under" the Bankruptcy Code.  *Joremi Ent., Inc. v. Hershkowitz (In re New 118th LLC)*, 396 B.R. 885, 895 (Bankr. S.D.N.Y. 2008).  Similarly, the guaranty claims against Reifer are not of a kind that "could only arise in the context of a bankruptcy case."  *Id.*  Lender's guaranty claims obviously arose before debtor commenced its bankruptcy case, given that the Loans matured in 2019 and have been in default ever since; the guaranty claims do not depend on an interpretation of the Bankruptcy Code or on any order or plan approved by this Court.  *Accord, Schumacher v. White,* 429 B.R. 400, 407 (Bankr. E.D.N.Y. 2010).

33.    State law, pre-petition foreclosure claims such as Lender's claim against Debtor, are also not core claims.  "Mortgage foreclosures are non-core proceedings, and hence, the bankruptcy court cannot enter final orders."  *In re Tornheim*, 181 B.R. 161, 170 (Bankr. S.D.N.Y. 1995).  Many other cases express similar rulings.  *See, e.g.*, *Balcor/Morristown Limited Partnership v. Vector Whippany Associates,* 181 B.R. 781, 791 (D.N.J. 1995)("Bankruptcy

courts have frequently held that an action for foreclosure is not core," citing, inter alia, *Prairie State Bank v. Allison,* 72 B.R. 476, 478 (D.Kan.1987); *accord, In re Laddusire*, 494 B.R. 383, 389 (Bankr. W.D. Wis. 2013)

34.    In the Notice of Removal, Lender argues that "[t]he claims and causes of action underlying the State Court Action are 'core proceedings' within the meaning of *inter alia*, 28 U.S.C. § 157(b)(2)(A), (B), (K), (M), (N) and (O) in that the State Court Action concerns, inter alia, (i) matters concerning the administration of the Debtor's estate; (ii) allowance or disallowance of claims against the estate; (iii) determinations of the validity, extent or priority of liens, and (iv) matters affecting the liquation [sic] of the estate's assets." Notice of Removal (Ecf Doc. 1), ¶¶ 13, 20.

35.    Whatever merit this argument had at the time of removal, it has none now. The So-Ordered Stipulation has removed any issue concerning the Lender's claims against the debtor from the State Court Action.

36.    Even if the Court were inclined to give any weight at all in the abstention analysis to the former presence of Lender's claims against debtor, the Court should sever and remand the claim against Reifer alone.  "It is the bankruptcy court's responsibility to determine whether each claim before it is core or non-core." *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33 (2014).  In *Joremi*, Judge Bernstein granted the motion to remand filed by the guarantor, even though other defendants remained.  *See* Order of Remand, dated Dec. 1, 2008 (Ecf Doc. # 57 in *Joremi*) (Exhibit 3 hereto), and Notice of Motion to Remand Proceedings, dated Dec. 16, 2008 (Ecf Doc. #59 in *Joremi*)(Exhibit 4 hereto).  *Accord*, *Artra Group, Inc. v. Salomon Brothers Holding Co., Inc. (In re Emerald Acquisition Corp.),* 170 B.R. 632, 637 (Bankr. N.D. Ill. 1994) (abstaining as to two claims in adversary proceeding).

37.    The State Court Action never did, nor does it now, concern "allowance or disallowance of claims against the estate."  No claims filed by any party in the claims register of the debtor's bankruptcy case are implicated by the State Court Action.

38.    The So-Ordered Stipulation has removed any issue of determination of liens against the estate from the State Court Action.

39.    Similarly, the So-Ordered Stipulation has removed any issue regarding the liquidation of the debtor's estate from the State Court Action.  That liquidation will take place by auction under the supervision of this Court.

40.    Lender mainly argued that the State Court Action was removable to this Court under the "related to" jurisdiction of § 1334.  Notice of Removal, ¶¶ 15, 21-22.  We do not contest "related to" subject matter jurisdiction over the adversary proceeding.

41.    Lender appeared to argue that the State Court Action was a "core proceeding" because it is "related to" the debtor's Chapter 7 case "because it involves property of the Debtor's estate and will have a direct and conceivable impact on the amount of the funds available to creditors of the Debtor and the handling and administration of the bankrupt estate." Notice of Removal, ¶ 20.  While phrased contradictorily – "related to" jurisdiction is, by definition, not "arising under" or "arising in" jurisdiction – we presume Lender was focusing on § 157(a)'s "core jurisdiction" for matters "affecting the administration of the estate."

42.    The only conceivable effect the State Court Action can have on the debtor's estate now – the possibility that the estate will receive a 15% share of any recovery by Lender against Reifer on its claim under the guaranties, assuming that the auction results in a deficiency – is too speculative, and too small, to justify assertion of core jurisdiction under § 157 of the Bankruptcy Code.  As then-Chief Judge Preska wrote:  "Moreover, even though Plaintiffs'

9

claims, if successful, would inure to the benefit of the Funds' foreign estates, the mere fact that

recovery would benefit the foreign estate is not sufficient to confer core jurisdiction under these

sections, contrary to Plaintiffs' assertions." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 683

(S.D.N.Y. 2011), citing *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993) and *Durso*

*Supermarkets, Inc. v. D'Urso (In re Durso Supermkts., Inc.),* 170 B.R. 211, 214 (S.D.N.Y.1994).

43.    In *Joremi*, the court abstained and remanded, notwithstanding a chain of

events remarkably similar to that which occurred here.  The adversary proceeding in *Joremi,* like

that here, began life in New York State Supreme Court, New York County, with a complaint

(Exhibit __ hereto) that included both a foreclosure claim and claims on personal guarantees by

the debtors' principals, including defendant Lobel.  396 B.R. at 889.  After the debtors filed for

bankruptcy, the lenders and trustee entered into a stipulation by which the lenders were

authorized to continue their lawsuit against Lobel and others, and assigned any proceeds to the

estate.  So-Ordered Stipulation, ¶¶ 3-5 (Ecf Doc. #11 in *Joremi*)(Exhibit 5 hereto); the amended

complaint in Joremi is attached as Exhibit 6 hereto.

44.    Judge Bernstein determined that litigation of the guaranty dispute with

Lobal in New York state court "will not affect the administration of the bankruptcy case," where

the Trustee had already confirmed a liquidating plan, and the state court was "equally capable as

this Court in liquidating the Guarantee Claim."  396 B.R. at 895.

**E.  The Adversary Proceeding Can Be Timely Adjudicated In State Court Upon
    Remand**

45.    If this case is remanded, it will likely be heard in the Commercial

Division, New York County, given the amount in controversy according to Lender.

46.      Before removal to this Court, Lender had sought to have the case assigned to the Commercial Division from the Foreclosure Part, by requesting same when they filed their request for judicial intervention.  Exhibit 7 hereto.

47.      The clerk of the court rejected the request, because the case concerned foreclosure of a residential building.

48.       Lender's counsel wrote to the Hon. Deborah Kaplan, in her capacity as Administrative Judge of the Supreme Court, New York County, seeking to reverse that determination, on the ground that the mortgages then at issue are commercial, and that the case met all requirements for assignment to the Commercial Division.  Exhibit 8 hereto.

49.      Judge Kaplan denied Lender's request, on the ground that notwithstanding the commercial nature of the mortgages, the case was a "residential real estate dispute" not properly before the Commercial Division.  Exhibit 9 hereto.

50.      Now, however, upon remand, the case will be a simple claim on a loan guaranty.  No foreclosure will be sought.  The reasons given by the clerk and by Judge Kaplan for keeping the case out of the Commercial Division will no longer apply.

51.      When presented with a motion to remand, many courts in this district, including this one, have expressed confidence in the ability of the Commercial Division to timely adjudicate cases.  *Joremi*, 396 B.R. at 894; *In re Amanat*, 338 B.R. 574 at 582; *Pullo*, 2013 WL 490450 at \*6; *In re Residential Capital, LLC*, 488 B.R. at 574; *BCG Partners Inc. v. Avison Young (Canada) Inc*., 919 F. Supp.2d 310, 320 (S.D.N.Y. 2013).

52.      Whether this case, on remand, goes to the Commercial Division or not, it will present straightforward issues of guaranty law that were already briefed to the court in the course of debtor's motion to dismiss.  A copy of the state court docket sheet from the State Court

11

Action is attached as Exhibit __.  The arguments made in those briefs can be easily repurposed

on remand for presentation by Reifer.  Although Reifer has already filed an answer to the

amended complaint, a motion to dismiss for failure to state a claim may be filed at any time, as

well as a motion for summary judgment (given that issue has been joined).  CPLR 3211(e) and

3212.  Thus, if anything, litigation may proceed faster in state court than if the case remains here.

53.     Furthermore, because this is a Chapter 7 proceeding, not a Chapter 11

reorganization, "timely adjudication can be weighed relatively lightly."  *Joremi*, 396 B.R. at 894,

quoting *World Solar Corp. v. Steinbaum* (*In re World Solar Corp.*), 81 B.R. 603, 612 (Bankr.

S.D. Cal. 1988); *Fairfield Sentry*, 458 B.R. at 691.

**F.   This Motion Has Been Made Timely**

54.     Finally, this motion is timely.  A motion for mandatory abstention under

28 U.S.C. § 1334(c)(2) is not subject to the 30-day rule for other objections to removal.

*Fried*,.496 B.R. at 712; the statute requires that the motion be "timely," but provides no

definition of the term.

55.     Courts apply a flexible, case-by-case approach.  Courts say that the motion

should be made "as soon as possible" after learning of grounds for it, but do not apply that

literally.  Judge Bernstein found the motion made by the guarantor in *Joremi* timely, even though

it was made almost eight months after removal.  396 B.R. at 893-94.  Judge Bernstein noted that

courts also consider whether the party seeking abstention had "invoked the substantive process

of the federal court on a matter going to the merits of the complaint, and in particular, moved for

abstention only after receiving an unfavorable outcome" (*id*.), and whether granting the motion

would prejudice or delay the rights of others.  396 B.R. at 893-94., citing *Paxton Nat'l Ins. Co. v.

British Am. Assocs. (In re Pacor, Inc.)*, 72 B.R. 927, 932 (E.D. Pa. 1987), *aff'd*, 86 B.R. 808

(E.D. Pa. 1987); *Deep v. Boies*, 2007 WL 169940 at *2 (S.D.N.Y. 2007); *Gassman v. Gassman, Griper & Golodny*, 1997 WL 60349 at *1 n. 5 (S.D.N.Y. 1997).

56.     Other courts have found mandatory abstention motions timely when made after more than four months.  *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579., 584 (6th Cir. 1990)(more than eight months); *Gonzales Constr. Co. v. Fulfer (In re Fulfer)*, 159 B.R. 921, 923 (Bankr. D. Idaho 1993)(more than four months).

57.     Reifer has not invoked the substantive process of this court on a matter going to the merits, such as by filing a notice of claim or actively litigating the adversary proceeding.

58.     No prejudice will result to Lender if the case is remanded.

59.     This motion was filed less than three months after removal.  In addition, this Court, during the first and only conference of the adversary proceeding, recommended, based upon Lender's counsel's own suggestion, that the adversary proceeding be put on hold until this Court decided whether to approve the proposed Stipulation and the property is sold at auction.  No further proceedings have occurred in the adversary proceeding following the Court's Jan. 20 Order.  Finally, the motion was filed within two weeks from the date of the Jan. 20 Order that removed the foreclosure claim and claims involving NYC from the adversary proceeding, thus not only simplifying the case but clarifying the abstention analysis set forth herein.

60.     In sum, the motion should be deemed timely under § 1334(c)(2).

## II.    IN THE ALTERNATIVE, THE COURT SHOULD ABSTAIN UNDER 28 U.S.C. § 1334(C)(1) IN THE INTEREST OF JUSTICE

61.     In the alternative, the Court should exercise its discretion to abstain in the interest of justice pursuant to 28 U.S.C. § 1334(c)(1).

62.     Courts asked to abstain pursuant to § 1334(c)(1) often consider a 12-factor

test:

(1) the effect, or lack thereof, on the efficient administration of the estate if a Court

recommends abstention, (2) the extent to which state law issues predominate over

bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the

presence of a related proceeding commenced in state court or other nonbankruptcy court,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of

relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the

substance rather than form of an asserted "core" proceeding, (8) the feasibility of

severing state law claims from core bankruptcy matters to allow judgments to be entered

in state court with enforcement left to the bankruptcy court, (9) the burden [on] the

court's docket, (10) the likelihood that the commencement of the proceeding in a

bankruptcy court involves forum shopping by one of the parties, (11) the existence of a

right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Lebenthal Holdings, LLC v. South Street Sec. Holdings Inc. (In re Lebenthal Holdings, LLC)*,

2018 WL 3629900 at *4 (Bankr. S.D.N.Y. 2018).

63.     Analysis of the "permissive abstention" factors that apply in this case

favors abstention and remand.

64.     First, for the reasons set out in Point I(D) above, remand for litigation of

the guaranty claim will have no appreciable effect on administration of the bankruptcy estate.

65.     Second, state law issues clearly predominate.  Interests of comity –

expressly set forth in § 1334(c)(1) as a ground for abstention – counsel deference to the courts of

14

New York on matters of state law, even when the issues are straightforward. *Fried*, 496 B.R. at 713.

66.     Third, as set out above, § 1334 provides the sole basis for federal jurisdiction of the removed claim.

67.     Fourth, the guaranty claim has essentially no relation to the main bankruptcy case. Its only arguable relatedness comes from the "sharing" arrangement by which the estate will receive 15% of any recovery on the guaranty claim, but that manufactured, after-the-fact arrangement can be addressed equally wherever the underlying litigation takes place.

68.     Finally, at this point, all the real parties in interest in this adversary proceeding are nondebtors.

69.     Particularly where the mandatory abstention question is close, and results in the Court declining to abstain due to only one unsatisfied condition, the Court should strongly consider discretionary abstention. *Balcor*, 181 B.R. at 788 (where a case falls within the mandatory abstention parameters in all but one particular, discretionary abstention will often be appropriate).

## **CONCLUSION**

For the foregoing reasons, the Court should abstain pursuant to 28 U.S.C. § 1334(c)(2), or in the alternative, pursuant to 28 U.S.C. § 1334(c)(1), and remand this adversary proceeding to the Supreme Court, New York County.

Dated:  New York, New York
        February 2, 2021


                                SCHWARTZ SLADKUS REICH
                                GREENBERG ATLAS LLP
                                *Attorneys for Defendant Daniel Reifer*


15

By:      s/Stephen H. Orel

Stephen H. Orel
Jared Paioff
444 Madison Avenue
New York, New York 10022
(212) 743-7049 - Telephone
(212) 743-7001 - Facsimile
Email: sorel@ssrga.com
jpaioff@ssrga.com

/2354403.6